UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'   JS-6

| Case No. | CV 12-10375-CAS-(Ex) | Date | January 17, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. REYNALDO BRAVO ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants

Not present                                            Not present

**Proceedings:**   (In Chambers:) EX PARTE APPLICATION TO REMAND
(Docket #5, filed January 9, 2013)

## I.  INTRODUCTION

On February 4, 2011, plaintiff Federal National Mortgage Association, filed an unlawful detainer action in the Los Angeles County Superior Court against *pro se* defendants Reynaldo M. Bravo, Sharon Pascual Bravo, and Does 1 to 10, inclusive.

On December 4, 2012, defendant Charles Black filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446. Defendant contends that this court has jurisdiction because federal law, specifically the Protecting Tenants at Foreclosure Act 2009 ("PTFA"), governs plaintiff's cause of action. Defendant also argues that this Court has jurisdiction based on the fact that plaintiff's claim "implicate[s] significant federal issues" test. California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,545 U.S. 308 (2005)). Finally, defendant asserts that the PTFA preempts state law governing plaintiff's claim.

On January 9, 2013, plaintiff filed an ex parte application asking this Court to remand this case to the Los Angeles County Superior Court.

## II.  ANALYSIS

Defendant argues that this Court has jurisdiction over this case because federal law, specifically the PTFA, governs plaintiff's action. Defendant contends that "the federal cause of action in ejection is the basis for this action," rather than state action in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | CV 12-10375-CAS-(Ex) | Date | January 17, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. REYNALDO BRAVO ET. AL. | | |

unlawful detainer. Therefore, defendant contends, this case could have been originally filed in Federal District Court.

Whether a case arises under federal law is generally determined by the well-pleaded complaint rule: "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma, 636 F.3d at 542 (citations omitted). In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. No. 1. Defendant contends that plaintiff did not comply with the PTFA. This is simply a defense to plaintiff's state court action. Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense under the PTFA or any other body of federal law. See McAtee, 479 F.3d at 1145.[1] Accordingly, the Court lacks subject matter jurisdiction based on a federal question. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Furthermore, defendant's arguments for removal based on Grable are without merit. Grable stands for the proposition that if a federal issue is embedded within a state law claim that is "necessar[y], . . .actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," then a federal court has subject matter jurisdiction

---

[1] As such, defendant's argument for removal based on federal preemption is also without merit. "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. . . [and] does not authorize removal to federal court." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Whether or not the PTFA "preempts State Law as to bona fide Residential tenants of foreclosed Landlords," defendant's argument is at most a federal defense to plaintiff's state action, not a basis for removal to this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'    **JS-6**

| Case No. | CV 12-10375-CAS-(Ex) | Date | January 17, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION v. REYNALDO BRAVO ET. AL. | | |

over the claim. California Shock Trauma, 636 F.3d at 542 (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)). Under this rule, the state law claim must still be premised on a substantial federal issue on its face. Id. Because plaintiff's state law claim for unlawful detainer is not premised on a substantial federal issue, Grable does not apply here.

### III.    CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's ex parte application and hereby REMANDS this case to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |